HARDY *v.* GAGE & a.

In a devise over to the heirs of the testator after a gift for life or in fee, whether the next of kin living at the testator's death, or at the death of the first taker, are entitled to take, is a question of the testator's intention, to be determined by competent evidence.

Chapter 72, Laws 1883, extending representation among collaterals to brothers' and sisters' grandchildren, is not retrospective as applied in the distribution of an estate created by will in remainder, in which no vested rights had been acquired before its passage, although the execution of the will and the death of the testator occurred before the enactment of the statute.

BILL IN EQUITY, by the trustee of the estate of Lydia Curtis, deceased, for a construction of the will.   Lydia Curtis made a will May 26, 1845, and died a widow in December, 1846, leaving one child, Caroline D. Hodgdon, and one grandchild, Charles H. Hodgdon, the son of Caroline.   The will was proved January 12, 1847. After minor bequests and legacies to her daughter and grandson, and providing for the payment of her debts, the testatrix devised all the rest of her estate to her executors in trust, the income of one half to be paid for the benefit of Caroline D. during her life, and the income of the other half to Charles H. up to the age of twenty-three years, and also providing that if Charles H., and any other child that might be born to Caroline, died before becoming twenty-three years of age, then the income of the whole estate should be paid over to Caroline, and so much of the principal as the executors might judge necessary for her personal comfort. No other children were born to Caroline.   Charles H. died under age and unmarried, and Caroline died in February, 1891.   The will further provides,—" And my will further is, in case said Charles Henry and any other child or children which said Caroline may hereafter have shall die before he or they shall arrive at the age of twenty-three years, that upon the decease of said Caroline all the said residue of my estate shall go and descend to my heirs at law."

Four of the defendants, being nephews and next of kin of Lydia Curtis at the time of the death of Caroline D. Hodgdon, claim that they alone are entitled to the residue of the estate. The other defendants are grandnephews and grandnieces of the testatrix.   At the death of the testatrix she left, aside from her daughter, one sister living, the four nephews mentioned, and other nephews and nieces from whom the other defendants are descended.

The trustee asks the instruction of the court whether " the heirs at law" entitled to the residue of the estate are the persons who are the next of kin to the testatrix living at the death of Caroline D. Hodgdon in February, 1891, or those who were her next of kin at the time of the testatrix's death.

*J. G. Hall*, for the trustee.

*W. L. Foster*, for nephews of Lydia Curtis.

*John Gage*, for grandnephews and grandnieces.

CLARK, J.   The residue of the estate which by the will of Lydia Curtis under certain conditions was to " go and descend" to her heirs at law, was a contingent remainder, depending upon the contingency of her daughter's, Caroline D. Hodgdon, dying after the death of her grandson, Charles H. Hodgdon, and any other child

or children Caroline D. Hodgdon might have, under the age of twenty-three years, without issue. · The contingency happened; and the question is presented whether the estate in remainder vested in the next of kin of Lydia Curtis who were such at her death, or at the death of her daughter, Caroline D. Hodgdon. This is a question of the intention of the testatrix. It appears from an inspection of the will that her daughter, Caroline D. Hodgdon, and her grandchild, Charles H. Hodgdon, were the sole objects of the testatrix's bounty, and when the will was made, and at the decease of the testatrix, Caroline D. Hodgdon was her sole next of kin.

If Lydia Curtis had made no will, her entire estate would have descended to her daughter.

Having made a will limiting the gift to her daughter to a life interest, and providing that her grandchild should receive the whole estate if he survived his mother, it seems improbable that she should have intended that the estate should descend to her daughter in fee, at the daughter's decease, in the event of the death of the grandchild in the lifetime of his mother. And if such was her intention, it seems more improbable that she should have failed to express it clearly by providing that if Charles H. Hodgdon, and any other child that might be born to her daughter Caroline, died before becoming twenty-three years of age, then the whole estate should be paid over to her daughter, instead of " the income and so much of the principal as the executors might judge necessary for her personal comfort,": as now provided by the will. The will appears to have been written by a lawyer, and it is hardly conceivable that it would have contained the provision " that upon the decease of said Caroline all the said residue of my estate shall go and descend to my heirs at law," if the testatrix had understood and intended that the estate should go to Caroline as her sole next of kin and heir at law. She knew that at her decease her daughter Caroline surviving her would be her sole next of kin and heir at law, and the use of the phrase ."heirs at law" indicates that she had in mind the persons who would be her heirs at law at the death of Caroline after the decease of her grandson. ·

It is suggested in the argument that the testatrix intended to prevent her daughter's husband from receiving anything from her estate. If such was the fact, it explains the purpose of the limitation of the gift to the daughter to a life estate, and indicates that the testatrix understood that her heirs at law to whom the residue of the estate was to descend were those answering that description after the death of her grandson and daughter. If the limitation to the heirs at law of the testatrix is construed to mean her heirs at the time of her decease, her daughter Caroline being her sole next of kin was her sole heir at law entitled to take the estate, and the event having occurred on which the limitation was to take

effect, the heirs of Caroline at her decease were entitled to the estate, and the residue now in the trustees' hands should be divided among them.   We do not think this was the intention of the testatrix.   She did not intend, by the provision in her will " that upon the decease of said Caroline all the said residue of my estate shall go and descend to my heirs at law," that the estate should go to the heirs of Caroline.

There are authorities to the effect that where there is a gift for life or in fee to persons who are themselves the sole next of kin of the testator at the time of his decease, the gift over must be considered as intended to refer to the persons answering the description of next of kin at the death of the first taker.   2 Jarm. Wills 54, 55 ; *Jones* v. *Colbeck*, 8 Ves. 38 ; *Long* v. *Blackall*, 3 Ves. 486 ; *Butler* v. *Bushnell*, 3 Myl. & K. 232.   In *Pinkham* v. *Blair*, 57 N. H. 226, the testator devised his estate to his two daughters in fee, and provided that if either should die without issue the survivor should have the share of the deceased sister, and if both daughters should die without issue the testator's son should have the use and income of the estate during his life, and in the event of the son's dying without issue the estate was to go to the testator's next of kin.   The three died without issue, and it was held that the estate over vested in the next of kin of the testator who were such at the death of the surviving daughter.   We think that the limitation to her heirs at law in the will of Lydia Curtis is to be construed as meaning her next of kin who were such living at the death of Caroline D. Hodgdon in 1891.   *Sears* v. *Russell*, 8 Gray 86.

The remaining question is who are entitled to share in the distribution of the trust estate as heirs of Lydia Curtis.   As it could not be determined who would hold the relation of next of kin of the testatrix until the death of Caroline D. Hodgdon, no interest in the remainder vested until that event occurred, and until that time the will was inoperative as to the estate limited to the heirs. Consequently the question who are entitled to take as next of kin under the devise over to the heirs of the testatrix is to be determined by the law as it stood when the devise took effect.   The heirs at law of the testatrix at the death of Caroline D. Hodgdon are those who would be entitled to take under the statutes of distribution if the testatrix had died intestate at that time.   Laws of 1883, *c.* 72, extending representation among collaterals to brothers' and sisters' grandchildren, took effect upon the will, because it could not affect any right that was vested before its passage.   The grandnephews and grandnieces of Lydia Curtis are entitled to share in the distribution of the trust estate. *Morgan* v. *Perry*, 51 N. H. 559 ; *Loveren* v. *Lamprey*, 22 N. H. 434 ; *Miller* v. *Dennett*, 6 N. H. 109.

*Case discharged.*

SMITH, J., did not sit : the others concurred.